BAY SHOE COMPANY, Plaintiff and Appellant, *v.* R. MUÑIZ LEÓN, Defendant and Appellee.

No. 5505. Argued June 26, 1931.—Decided April 14, 1932.

*Besosa & Besosa* for appellant.    *V. Polanco de Jesús* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

R. Muñiz de León ordered a lot of shoes of the same style and quality as certain samples exhibited by a salesman of the Bay Shoe Company. When Muñiz examined the shoes at his first opportunity after delivery he found them to be of inferior quality and quite different in style from the sample shown him by the salesman. He immediately notified the Bay Shoe Company and the bank (through which that company had drawn upon him for the amount of the purchase price) that he would not pay the draft accepted by him at the time of delivery, as a prerequisite to such delivery and subject to the right of examination reserved by him. He also informed the shoe company and the bank as to his reasons for refusing to accept the shoes and placed them at the disposal of the seller.

The shoe company brought suit on the accepted draft at maturity and Muñiz, after a general denial, set up, as an affirmative defense, the facts above outlined. The court after a trial on the merits, rendered judgment for defendant.

The first assignment is that the district court erred in holding that section 336 of the Code of Commerce was not applicable and that it is optional with the purchaser to invoke the said section and bring himself within its terms or not. Subsequent assignments depend in one way or another upon the soundness of the first. They must stand or fall together with the first.

Section 336 of the Code of Commerce reads in part as follows:

"'* * * * * * * *

"A purchaser shall have a right of action against a vendor for defects in the quantity or quality of merchandise received in bales or packages, provided he brings his action within the four days following its receipt, . . . .

"In such cases the purchaser may choose between the rescission of the contract or its fulfillment in accordance with what has been agreed upon, but always with the payment of the damages he may have suffered by reason of the defects or faults.

"The vendor may avoid this claim by demanding when making the delivery that the merchandise be examined fully by the purchaser with regard to the quantity and quality thereof."

Where the English translation of the paragraph first quoted speaks of "a right of action against a vendor," the Spanish original confers upon the purchaser *"el derecho de repetir contra el vendedor."* "Repetition," as defined by Corpus Juris, is "a demand or action for the restoration of money paid under mistake, or goods delivered by mistake or on an unperformed condition." See also Escriche, *Diccionario de Legislación y Jurisprudencia,* vol. 4, p. 917; *Enciclopedia Jurídica Española,* Francisco Seix, vol. 27, p. 279. For the purpose of this opinion, however, it may be conceded that the right of action referred to in section 336 is not limited to suits for the rescission of contracts of sale in cases wherein the purchaser has parted with the purchase price and wherein the defects complained of are "defects in the quantity or quality" of the merchandise.

As pointed out by the district judge in his statement of the case and opinion, the purchaser in the instant case never brought the action authorized by section 336 of the Code of Commerce. We agree with the court below that the framers of the Code of Commerce, by fixing the period of four days within which to bring the action authorized by section 336, did not intend to cut off the right of a purchaser to resist

a demand for payment by showing facts amounting to a want or failure of consideration for an accepted draft, even though the same facts might have entitled him to relief in an action brought by him against the seller within four days after delivery of the merchandise. Section 336 can not be isolated and considered alone. It must be construed in connection with other provisions of the Code of Commerce, such as those contained in sections 327 and 332. So construed it can not be held to operate as a statutory bar to the defense set up by the defendant in the instant case.

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.